Milton Henry WINKLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 36589.

Court of Criminal Appeals of Texas.

Feb. 26, 1964.

Rehearing Denied April 1, 1964.

No attorney of record on appeal, for appellant.

Frank Brisco, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, President Judge.

The offense is drunk driving; the punishment, 3 days in jail and a fine of $50.

No brief has been filed on appellant's behalf. There are no formal bills of exception or exceptions relating to the court's charge.

Police Officer Sudsberry testified that the appellant was driving an automobile on a public highway in Houston; that he saw him run a red light and drive some five blocks straddling the marker between two lanes of travel; that he stopped the appellant and observed that his speech was slurred; he had a thick tongue; was hard to understand; his eyes were bloodshot; he staggered; had a smell of alcohol on his breath; and that he said—"that is all I had to drink", pointing to an empty vodka bottle found in the car. Officer Sudsberry testified that in his opinion the appellant was intoxicated.

Sergeant Hensley, Radio Patrol, Houston Police Department, who responded to Officer Sudsberry's call, testified that he observed the appellant at the scene and talked to him; that the appellant "had a clear strong peculiar odor, a strong alcoholic type of odor" on his breath; he was "not very coherent—kept on ignoring my questions directly, he would refer back to something else"; he was standing "attempting to change weight from one foot to the other and keeping his head away from me, and apparently unstable"; his eyes were watery and bloodshot but the pupils were normal, which indicated that his condition was not caused by narcotics or medicine but by intoxication. Sgt. Hensley expressed the opinion that the appellant was intoxicated.

The appellant testified and called as witnesses his wife who, with their children, was a passenger in the automobile at the time; his mother who had gotten out of the car at her home shortly before, and the owner of a liquor store who saw him about 6:30 P.M. and again when he was released from jail on bond about 2 A.M.

According to the testimony of these witnesses the appellant had consumed no alcoholic beverage or liquor other that one bottle of beer, and was sober.

The fact issue raised by the evidence was resolved against the appellant by the jury and the evidence is sufficient to sustain their verdict.

We have examined the informal bills of exception reserved in the statement of facts and find none which show reversible error.

The judgment is affirmed.